# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30935

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2014

Lyle W. Cayce
Clerk

BOBBY LEE PARKS, SR.,

Plaintiff-Appellant

v.

POLICE DEPARTMENT OF STONEWALL,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CV-1085

Before KING, JOLLY and HAYNES, Circuit Judges.

PER CURIAM:[*]

Bobby Lee Parks, Sr., Louisiana prisoner # 332119, seeks leave to proceed in forma pauperis (IFP) on appeal of the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and his mandamus petition for failure to state a claim upon which relief may be granted. His IFP motion is construed as a challenge to the district court's certification determination that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30935

Parks does not address in his IFP motion or brief the district court's reasons for its certification decision or its dismissal of his complaint and mandamus petition.  Rather, his IFP motion and supporting brief address only his financial eligibility for IFP status.  Thus, he has abandoned any challenge he could have raised to the district court's certification decision, *see Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987), and has failed to show that his appeal "involves legal points arguable on their merits (and therefore not frivolous)," *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

As Parks has failed to show that the appeal has arguable merit, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  The district court's dismissal of Parks's § 1983 complaint as frivolous and this court's dismissal of his appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Parks is CAUTIONED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).